RECEIVED
IN LAKE CHARLES, LA.

MAR -8 2012

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FLETCHER FREEMAN, JR. | : | DOCKET NO. 2:11 CV 1254 |
| VS. | : | JUDGE MINALDI |
| COREY L. RUBIN | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [Doc. 10], filed by the defendant, Corey L. Rubin. The motion is opposed by the plaintiff, Fletcher Freeman, Jr. [Doc. 13].

### BACKGROUND

Mr. Rubin defended Mr. Freeman in a criminal trial held in this court from November 9, 2009 to November 13, 2009.[1] Following the trial, a jury convicted Mr. Freeman of Conspiracy to Possess with the Intent to Distribute a Mixture Containing Cocaine and Other Controlled Substances.[2]

On January 13, 2010, Mr. Freeman filed a motion entitled a "Motion to Compel," requesting that the court "dismiss" Mr. Rubin as his counsel and set aside the conviction.[3] In support of the motion, Mr. Freeman complained that Mr. Rubin had failed to properly investigate

---

[1] Compl. ¶ 3 [Doc. 1].

[2] Jury Verdict, USA v. Chapa-Duran, No. 06-20089, (W.D. La. Nov. 13, 2009) [Doc. 589].

[3] Def.'s Mot. to Compel, USA v. Chapa-Duran, No. 06-20089, (W.D. La. filed Jan. 13, 2010) [Doc. 619].

the case prior to trial.[4]

On June 30, 2011, Mr. Freeman filed this *pro se* legal malpractice action, again alleging that Mr. Rubin had failed to adequately prepare for the trial. In particular, Mr. Fletcher avers that Mr. Rubin failed to interview potential witnesses that could have provided exonerating evidence and failed to obtain transcripts of grand jury testimony given by the government's witnesses, which, Mr. Fletcher alleges, could have been used for impeachment purposes.[5]

Mr. Rubin now moves to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6). He argues that the suit is barred by the one year peremptive period set forth in La. Rev. Stat. § 9:5605. In response, Mr. Fletcher argues that the suit is timely because the doctrine of equitable tolling suspended the running of the limitations period until November of 2010, when Mr. Fletcher was first provided access to legal materials.

## 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative

---

[4] *Id.* at 4.

[5] Compl. ¶¶ 6-8.

level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## ANALYSIS

La. Rev. Stat. § 9:5605(A) provides that no legal malpractice claim "shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." This period of limitation is a "preemptive period[] within the meaning of Louisiana Civil Code art. 3458" and "may not be renounced, interrupted, or suspended." La. Rev. Stat. § 9:5605(B) (2012).

Mr. Fletcher's "Motion to Compel" establishes that he knew of Mr. Rubin's alleged failure to adequately prepare Mr. Fletcher's defense as of at least January 13, 2010.[6] This knowledge was sufficient to trigger the commencement of the applicable one-year peremptive period, even if Mr. Fletcher did not learn that Mr. Rubin's alleged negligence might form the basis of a legal malpractice claim until he was permitted to access legal materials in November of 2010. *See Taussig v. Leithead*, 96-960 (La. App. 3 Cir. 02/19/97); 689 So. 2d 680 ("[A]ny plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge", even if he had a limited ability to evaluate those facts.). Accordingly, Mr. Fletcher had until January 13, 2011 to file a malpractice claim.

---

[6] While a court may not normally rely on documents outside of the pleadings in deciding a motion to dismiss, a court may consider materials of which the court may take judicial notice. Because the court may take judicial notice of pleadings filed in prior proceedings, its consideration of Mr. Fletcher's "Motion to Compel" does not convert Mr. Rubin's 12(b)(6) Motion to Dismiss into a Motion for Summary Judgment. *See Xavier v. Belfor USA Group, Inc.*, No. 06-491 c/w 06-7084, 2007 U.S. Dist. LEXIS 87028 (E.D. La. Nov. 26, 2007).

Because Mr. Fletcher did not file this case until June 30, 2011, it is untimely.

The doctrine of equitable tolling does not change this result. La. Rev. Stat. § 9:5605(B) expressly provides that the applicable limitations period is peremptive and may not be suspended for any reason. *See also* La. Civ. Code art. 3461 ("Peremption may not be renounced, interrupted, or suspended."); *Reeder v. North*, 97-0239, p. 10 (La. 10/21/97); 701 So. 2d 1291, 1298. Equitable tolling is therefore inapplicable, and the Motion to Dismiss will be granted.

Lake Charles, Louisiana, this 8 day of March 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE